■ ELIZABETH MOHAN, Individually and as Limited Administrator of the Estate of EDWARD MOHAN, Deceased, et al., Appellants, v ATLANTIC COURT, LLC, Respondent, and KIT CONSTRUCTION, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents. EAGLE ONE ROOFING CONSTRUCTIONS, INC., Third-Party Defendant-Appellant. [24 NYS3d 102]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated August 5, 2013, as granted the motion of the defendant Atlantic Court, LLC, and the separate motion of the defendants/third-party plaintiffs, Kit Construction, LLC, and Kit Construction Co., Inc., for summary judgment dismissing the wrongful death cause of action, and the third-party defendant, Eagle One Roofing Contractors, Inc., separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the third-party cause of action asserted by the defendant/third-party plaintiff Kit Construction Co., Inc., against it seeking contractual indemnification, denied

those branches of its motion which were for summary judgment on its cross claim and counterclaim for indemnification, granted the cross motion of the defendant Atlantic Court, LLC, for summary judgment on its cross claims for contractual and common-law indemnification against Eagle One Roofing Contractors, Inc., and granted that branch of the cross motion of the defendant/third-party plaintiff Kit Construction Co., Inc., which was for summary judgment on its cause of action against Eagle One Roofing Contractors, Inc., for contractual indemnification.

Ordered that the order is modified, on the law, by (1) deleting the provisions thereof granting the motion of the defendant Atlantic Court, LLC, and the separate motion of the defendants/third-party plaintiffs, Kit Construction, LLC, and Kit Construction Co., Inc., for summary judgment dismissing the plaintiffs' wrongful death cause of action, and substituting therefor provisions denying those motions, and (2) deleting the provision thereof granting that branch of the cross motion of the defendant Atlantic Court, LLC, which was for summary judgment on its cross claim for common-law indemnification against the third-party defendant, Eagle One Roofing Contractors, Inc., and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Atlantic Court, LLC, and the defendants/third-party plaintiffs appearing separately and filing separate briefs; and it is further,

Ordered that one bill of costs is awarded to the defendant/third-party plaintiff Kit Construction Co., Inc., payable by the third-party defendant, Eagle One Roofing Contractors, Inc.

The plaintiffs' decedent, Edward Mohan, commenced this action to recover damages for injuries he allegedly sustained in an accident at a construction site owned by the defendant Atlantic Court, LLC (hereinafter Atlantic), when he fell from a ladder. At the time of the accident, Mohan was performing work on behalf of his employer, the third-party defendant, Eagle One Roofing Contractors, Inc. (hereinafter Eagle One), a subcontractor hired by the general contractor, the defendant/third-party plaintiff Kit Construction Co., Inc. Mohan commenced this action against Kit Construction Co., Inc., Kit Construction, LLC, and Atlantic. Kit Construction Co., Inc., and Kit Construction, LLC (hereinafter together the defendants/third-party plaintiffs), commenced a third-party action against Eagle One.

While these actions were pending, on September 7, 2010, Edward Mohan died. Subsequently, the plaintiffs were substituted for Mohan and a cause of action alleging wrongful death was asserted. The defendants/third-party plaintiffs and Atlantic separately moved for summary judgment dismissing the plaintiffs' cause of action alleging wrongful death. Eagle One moved for summary judgment dismissing the third-party complaint, and for summary judgment in its favor on its counterclaim and cross claim for indemnification. The defendants/third-party plaintiffs cross-moved for summary judgment in their favor on their third-party causes of action for contractual and common-law indemnification, and Atlantic cross-moved for summary judgment in its favor on its cross claims for contractual and common-law indemnification.

The Supreme Court, in the order appealed from, inter alia, granted the motions for summary judgment dismissing the plaintiffs' cause of action alleging wrongful death, and denied that branch of Eagle One's motion which was for summary judgment dismissing so much of the third-party complaint as asserted a cause of action for contractual indemnification on behalf of Kit Construction Co., Inc. All third-party claims asserted by Kit Construction, LLC, were dismissed, and that dismissal is not in issue on these appeals. The Supreme Court further granted that branch of the cross motion of Kit Construction Co., Inc., which was for summary judgment on its third-party cause of action for contractual indemnification against Eagle One, and Atlantic's cross motion for summary judgment on its cross claims for contractual and common-law indemnification.

Atlantic and the defendants/third-party plaintiffs established their respective prima facie entitlement to judgment as a matter of law with regard to the plaintiffs' cause of action alleging wrongful death by submitting the affidavit of David Coven, a board-certified cardiologist, who concluded, with a reasonable degree of medical certainty, that the subject accident on June 21, 2007, and Mohan's subsequent surgery on August 24, 2010, which stemmed from the 2007 accident, did not cause or contribute to Mohan's death. In opposition, however, the plaintiffs submitted the affidavit of Bruce Charash, a board-certified cardiologist, who opined that Mohan's surgery on August 24, 2010, was a substantial factor in causing his death, and, thus, his death was related to the subject accident on June 21, 2007. Dr. Charash's opinion, which was based upon, inter alia, his review of Mohan's medical records, an autopsy report, the affidavit of Mohan's wife, his own knowledge and

experience, as well as his review of Dr. Coven's affidavit, raised factual issues as to whether the surgery on August 24, 2010, caused or substantially contributed to Mohan's death. Specifically, Dr. Charash concluded that Mohan experienced an undiagnosed heart attack while he was in the hospital during his surgery or shortly thereafter, and that his death on September 7, 2010, was due to a cardiac arrhythmia, caused by the combination of the recent heart attack and his postoperative pain and stress. This raised questions of fact, and the motions for summary judgment dismissing the plaintiffs' wrongful death cause of action should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Roques v Noble*, 73 AD3d 204 [2010]).

"[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1; *see McAllister v Construction Consultants L.I., Inc.*, 83 AD3d 1013, 1014 [2011]). Here, the indemnification clause in the contract between Kit Construction Co., Inc., as general contractor, and Eagle One, as subcontractor, provided, inter alia, that Eagle One was to indemnify and hold harmless, to the fullest extent permitted under law, the owner and general contractor from and against any and all liability resulting from or arising out of claims of injury or death occurring and/or resulting directly or indirectly from the work or the activities of the subcontractor. By its terms, the indemnification clause applied in this case in which Mohan was injured while performing the work or activities of Eagle One, even if Eagle One was not negligent (*see Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 178 [1990]). Moreover, Kit Construction Co., Inc., and Atlantic established their prima facie entitlement to judgment as a matter of law with respect to contractual indemnification by demonstrating that they did not have the authority to supervise or control the performance of Mohan's work and, therefore, were free from negligence. In opposition, Eagle One failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the cross motions of Kit Construction Co., Inc., and Atlantic which were for summary judgment on their claims for contractual indemnification against Eagle One (*see Grant v City of New York*, 109 AD3d 961 [2013]; *Fernandez v Abalene Oil Co., Inc.*, 91 AD3d 906, 910 [2012]).

In order to establish a claim for common-law indemnifica-

tion, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority to direct, supervise, and control the work giving rise to the injury (*see Hart v Commack Hotel, LLC*, 85 AD3d 1117, 1118-1119 [2011]; *Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]; *Kader v City of N.Y., Hous. Preserv. & Dev.*, 16 AD3d 461, 463 [2005]; *Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556, 556 [2003]). Here, in addition to establishing that it was not negligent, Atlantic demonstrated that Eagle One had the authority to direct, supervise, and control the means and methods of Mohan's work. However, Eagle One, as Mohan's employer, would only be liable for common-law indemnification if Mohan suffered a grave injury as a result of the accident (*see* Workers' Compensation Law § 11; *Benedetto v Carrera Realty Corp.*, 32 AD3d at 875). Eagle One established that there was an issue of fact as to whether Mohan suffered a grave injury. Therefore, the Supreme Court erred in granting that branch of Atlantic's cross motion which was for summary judgment on its cross claim for common-law indemnification against Eagle One.

The parties' remaining contentions are without merit. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.