■ JAMES SLEDGE, Appellant, v S.M.S. GENERAL CONTRACTORS, INC., et al., Respondents, et al., Defendants. [54 NYS3d 666]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated January 2, 2015, as granted that branch of the motion of the defendants S.M.S. General Contractors, Inc., and S.M.S. General Contractors, Inc., doing business as Steve's Custom Rockers, which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was an employee of RBJ Construction (hereinafter RBJ), the general contractor on a project involving the construction of an approximately 12,000 square-foot house. The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he fell from a ladder on the second floor and landed on the first floor. The plaintiff alleged that an employee of the defendants S.M.S. General Contractors, Inc., and S.M.S. General Contractors, Inc., doing business as Steve's Custom Rockers (hereinafter together the defendants), who were hired to install sheet rock pursuant to a subcontract with RBJ, pulled some electrical extension cords that got tangled with the ladder, causing him to fall from the ladder.

The Supreme Court properly determined that the defendants were entitled to summary judgment dismissing the causes of

action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. The defendants established, prima facie, that they did not have authority to supervise or control the plaintiff's work or the area of the work site where the plaintiff was injured (*see Thomas v Benton*, 112 AD3d 812, 812-813 [2013]; *Lopes v Interstate Concrete*, 293 AD2d 579, 579 [2002]).

The defendants also demonstrated, prima facie, that they did not create the dangerous condition that allegedly caused the plaintiff's injury (*see Palacios v 29th St. Apts, LLC*, 110 AD3d 698, 699 [2013]). A subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (*Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195 [2011] [internal quotation marks omitted]; *see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 523 [2010]). An award of summary judgment in favor of a subcontractor on a negligence or Labor Law § 200 cause of action is improper "where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries' " (*Erickson v Cross Ready Mix, Inc.*, 75 AD3d at 523, quoting *Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]). Here, the defendants demonstrated, prima facie, that their employees did not pull on the extension cords that got tangled with the ladder and caused the plaintiff to fall, as he alleged, and the plaintiff failed to raise a triable issue of fact in opposition.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.