Ramsey v Temco Serv. Indus., Inc. (2020 NY Slip Op 00166)





Ramsey v Temco Serv. Indus., Inc.


2020 NY Slip Op 00166


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-04008
2016-04014
 (Index No. 645/13)

[*1]Margaret Ramsey, appellant,
v
Temco Service Industries, Inc., respondent.


Mirman, Markovits & Landau, P.C., New York, NY (Ephrem J. Wertenteil of counsel), for appellant.
Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 2, 2016, and (2) a judgment of the same court dated March 22, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiff commenced this action against the defendant, a cleaning service contractor, which provided services in the building in Manhattan where the plaintiff worked. The plaintiff seeks damages for personal injuries she alleges she sustained when she slipped and fell in the building. The defendant moved for summary judgment dismissing the complaint on the ground that it did not owe the plaintiff a duty of care. The Supreme Court granted the motion and dismissed the complaint. The plaintiff appeals.
Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140). However, there [*2]are three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. [citations and internal quotation marks omitted]). On a motion for summary judgment, "[a]s part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Hagan v City of New York, 166 AD3d 590, 592; Laronga v Atlas-Suffolk Corp., 164 AD3d 893, 895-896).
Here, the plaintiff alleged only one of the Espinal exceptions: that the defendant created or launched an instrument of harm. Thus, in support of its motion for summary judgment dismissing the complaint, the defendant was required to establish, prima facie, that it did not create or launch an instrument of harm (see Barone v Nickerson, 140 AD3d 1100, 1102; Reece v J.D. Posillico, Inc., 131 AD3d 596, 597).
Contrary to the determination of the Supreme Court, the defendant failed to establish its prima facie entitlement to judgment as a matter of law, as it did not establish that it did not create or launch an instrument of harm. In support of its motion, the defendant submitted, inter alia, transcripts of the deposition testimony of its employee and the plaintiff. According to the plaintiff, just prior to the accident, she opened a closed door to enter the reception area of the building and, after only walking approximately two feet beyond the door and into the reception area, she slipped and fell. She testified that she did not see that the floor was wet prior to falling and that it was only after she fell that she saw and felt liquid on the floor and observed someone mopping the floor 20 feet away from her. She testified that, after she fell, she saw only one "wet floor" sign approximately 20 feet away from where she fell. In contrast, the defendant's employee testified that he erected approximately four warning signs which were spaced about five to seven feet apart. He also testified that he mopped the accident site one minute prior to the fall, using a mixture of water and cleaning fluid and that, at the time of the accident, he was mopping the floor about eight feet away from where the plaintiff fell. Under these circumstances, the defendant's submissions demonstrated the existence of triable issues of fact regarding the location of "wet floor" signs and whether the wet floor or the signs were readily observable by a reasonable use of the plaintiff's senses as she entered the area through a closed door (see generally Rivero v Spillane Enters., Corp., 95 AD3d 984, 985). Thus, the defendant failed to establish, prima facie, that it did not create the condition that caused the plaintiff to fall or that it provided adequate notice of the alleged hazardous condition (see Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754; Levine v G.F. Holding, Inc., 139 AD3d 910, 911-912).
Accordingly, the burden never shifted to the plaintiff to provide evidentiary proof sufficient to raise a triable issue of fact, and the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
The plaintiff's remaining contention is improperly raised for the first time on appeal.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court