Santibanez v North Shore Land Alliance, Inc. (2021 NY Slip Op 04921)





Santibanez v North Shore Land Alliance, Inc.


2021 NY Slip Op 04921


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11131
 (Index No. 5634/14)

[*1]Francisco Santibanez, et al., appellants, 
v
North Shore Land Alliance, Inc., defendant/third-party plaintiff, Michael Taglich, et al., respondents, et al., defendant; Lee Construction & Renovation, Inc., third-party defendant/second third-party defendant/third third-party plaintiff.


Seiden & Kaufman, Carle Place, NY (Steven J. Seiden of counsel), for appellants.
Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for respondents Michael Taglich and Claudia Taglich.
Churbuck Calabria Jones & Materazo, P.C., Hicksville, NY (Nicholas P. Calabria of counsel), for respondent Home Crafts, Inc.
Perez & Cariello, Uniondale, NY (Denise A. Cariello of counsel), for defendant/third-party plaintiff.
O'Connor Redd Orlando, LLP (Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success, NY [Timothy R. Capowski, John F. Watkins, and Steven R. Widom], of counsel), for third-party defendant/second third-party defendant/third third-party plaintiff.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered July 17, 2018. The order, insofar as appealed from, granted the motion of the defendants Michael Taglich and Claudia Taglich for summary judgment dismissing the amended complaint insofar as asserted against them, granted that branch of the cross motion of the defendant Home Crafts, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and denied the plaintiffs' cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendants Michael Taglich and Claudia Taglich.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Home Crafts, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendant Home Crafts, Inc., and one bill of costs to the defendants Michael Taglich and Claudia Taglich payable by the plaintiffs.
On March 24, 2014, the plaintiff Francisco Santibanez (hereinafter the injured plaintiff), an employee of Lee Construction & Renovation, Inc. (hereinafter Lee Construction), allegedly was injured when he fell from a ladder at property owned by the defendants Michael Taglich and Claudia Taglich (hereinafter together the Tagliches). Prior to the accident, Lee Construction, the general contractor for repairs performed at the property, contracted with the defendant Home Crafts, Inc. (hereinafter Home Crafts), for Home Crafts to inspect and install gas inserts in fireplaces at the property. At the direction of Home Crafts, the defendant Catalano Installations, Inc. (hereinafter Catalano), a subcontractor, sealed a chimney with a piece of sheet metal to avoid water leakage, which also prevented the ventilation of smoke from a fireplace in the living room. The accident allegedly occurred when the injured plaintiff, at the direction of his foreman, climbed a ladder to remove the sheet metal due to the buildup of smoke inside the property when the fireplace was tested, and the ladder shifted while the injured plaintiff tried to remove the sheet metal using a crowbar.
The injured plaintiff, and his wife suing derivatively, commenced this consolidated action against, among others, the Tagliches and Home Crafts, alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Thereafter, the Tagliches moved for summary judgment dismissing the amended complaint insofar as asserted against them, and Home Crafts cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against it. In addition, the plaintiffs cross-moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the Tagliches. In an order entered July 17, 2018, the Supreme Court, inter alia, granted the Tagliches' motion, granted that branch of Home Crafts' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, and denied the plaintiffs' cross motion. The plaintiffs appeal.
"'[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 862, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, "[a] contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754, citing Espinal v Melville Snow Contrs., 98 NY2d at 140).
Here, Home Crafts failed to establish, prima facie, that it did not launch a force or instrument of harm by directing Catalano to seal the chimney, without alerting the other contractors that the fireplace at issue was rendered inoperable due to the inability to ventilate smoke (see Ramsey v Temco Serv. Indus., Inc., 179 AD3d 726, 728). In his affidavit, the owner of Catalano averred that he informed Donald Ryan, the vice president of Home Crafts, that he could use a "special top-cap" for the chimney to allow for the ventilation of smoke, but Ryan informed him that the fireplace at issue was "decorative" and "not going to be used," and thus, "to simply cap off the top of the chimney with a metal sheet." While Ryan testified at his deposition that he was "under the impression" that the fireplace would not be used, Tim Irwin of Lee Construction testified at his deposition that the intention was for all fireplaces in the property to be operable. Irwin also testified that he informed Ryan that "[w]e wanted to know if [the fireplaces] were functional and if they were not functional what would it take to make them functional," and that he never told Ryan the fireplace at issue was not going to be used. Thus, Home Crafts failed to eliminate triable issues of fact as to whether it launched a force or instrument of harm.
Further, contrary to Home Crafts' contention, it failed to establish, prima facie, that the injured plaintiff's act of climbing a ladder to remove the sheet metal preventing the ventilation of smoke "was so extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from [Home Crafts'] conduct as to constitute a superseding act which breaks the causal nexus" (Rodriguez v 250 Park Ave., LLC, 161 AD3d 906, 908 [internal quotation marks omitted]; see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315). Thus, Home Crafts failed to eliminate triable issues of fact as to whether its direction to seal the fireplace with a piece of sheet metal, without communicating to other contractors that the fireplace was rendered [*2]inoperable, was a substantial factor in causing the accident (see Baumann v Metropolitan Life Ins. Co., 17 AD3d 260, 261-262).
Accordingly, the Supreme Court should have denied that branch of Home Crafts' cross motion which was for summary judgment dismissing the amended complaint insofar as asserted against it.
"Under the homeowner's exemption, owners of a one- or two-family dwelling used as a residence," such as the subject property, "are exempt from liability under Labor Law §§ 240(1) and 241(6) unless they directed or controlled the work being performed" (Ramirez v I.G.C. Wall Sys., Inc., 140 AD3d 1047, 1048). The phrase "directed or controlled" "'is construed strictly and refers to the situation where the owner supervises the method and manner of the work'" (Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 973, quoting Pascarell v Klubenspies, 56 AD3d 742, 742). "'Instructions about aesthetic design matters, or retention of the limited power of general supervision, do not constitute direction or control'" within the meaning of Labor Law §§ 240(1) and 241(6) (Alexandridis v Van Gogh Contr. Co., 180 AD3d at 973, quoting Decavallas v Pappantoniou, 300 AD2d 617, 618). Similarly, "'[t]o be held liable under Labor Law § 200 for injuries arising from the manner in which work is performed, a defendant must have authority to exercise supervision and control over the work'" (Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1027, quoting Rojas v Schwartz, 74 AD3d 1046, 1046).
Here, the Tagliches established, prima facie, that they did not exercise any authority to supervise or control the performance of the injured plaintiff's work or the work of any contractor on the property (see Giglio v Turner Constr. Co., 190 AD3d 829; Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Tagliches' motion for summary judgment dismissing the amended complaint insofar as asserted against them and denied the plaintiffs' cross motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the Tagliches.
The parties' remaining contentions are without merit.
DUFFY, J.P., BARROS, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court