Cando v Ajay Gen. Contr. Co. Inc. (2021 NY Slip Op 06831)





Cando v Ajay Gen. Contr. Co. Inc.


2021 NY Slip Op 06831


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2018-06608
 (Index No. 14172/14)

[*1]Jorge Luis Auquilla Cando, plaintiff-respondent,
v
Ajay General Contracting Co. Inc., defendant third-party plaintiff/second third-party plaintiff-respondent, Scottye Kennedy, et al., defendants-appellants; FJP Mechanical, Inc., third-party defendant; PCL Custom Remodeling, Inc., second third-party defendant-appellant.


Gallo Vitucci Klar LLP, New York, NY (John U. H. Blumenstock of counsel), for second third-party defendant-appellant.
Martyn, Martyn, Smith & Murray, Mineola, NY (Christina J. Hill of counsel), for defendants-appellants.
Gerber Ciano Kelly Brady LLP, Garden City, NY (James P. Gilroy of counsel), for defendant third-party plaintiff/second third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the second third-party defendant appeals, and the defendants Scottye Kennedy and Joanna Kennedy separately appeal, from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered March 15, 2018. The order, insofar as appealed from by the second third-party defendant, denied those branches of its motion which were for summary judgment dismissing the second third-party complaint and the complaint in a related action. The order, insofar as appealed from by the defendants Scottye Kennedy and Joanna Kennedy, denied their motion for leave to renew their prior motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, which was denied in an order of the same court entered June 16, 2016.
ORDERED that the order entered March 15, 2018, is affirmed insofar as appealed from, with one bill of costs to Ajay General Contracting Co., Inc., payable by the appellants appearing separately and filing separate briefs.
The plaintiff fell as he was descending an extension ladder while working for a plumbing subcontractor at a house owned by the defendants Scottye Kennedy and Joanna Kennedy (hereinafter together the Kennedys). At the time of the accident, the Kennedys were adding a second floor to the house. The Kennedys had hired the defendant Ajay General Contracting Co., Inc. (hereinafter Ajay), as the general contractor, and Ajay subcontracted the carpentry and other work to the second third-party defendant PCL Custom Remodeling, Inc. (hereinafter PCL). The existing staircase to the second floor had been removed prior to the accident. The extension ladder from which the plaintiff fell had been used by him to gain access to the second floor.
The plaintiff commenced this action against Ajay and the Kennedys to recover damages for personal injuries alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. Ajay subsequently commenced a third-party action against FJP Mechanical, Inc., and thereafter, commenced a second third-party action against PCL asserting causes of action for contractual and common-law indemnification and contribution, and breach of its contractual obligation to obtain insurance. The plaintiff subsequently commenced a related action directly against PCL.
By order entered June 16, 2016, the Supreme Court denied the Kennedys' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, on the ground that they failed to meet their prima facie burden of establishing application of the homeowner exemption from liability under the Labor Law. The Kennedys subsequently moved for leave to renew their prior motion for summary judgment, submitting affidavits indicating, inter alia, that they did not use their house for commercial purposes. PCL separately moved, among other things, for summary judgment dismissing the second third-party complaint in this action and the complaint in the related action. By order entered March 15, 2018, the court, inter alia, denied those branches of PCL's motion and denied the Kennedys' motion for leave to renew. PCL appeals and the Kennedys separately appeal.
Those branches of PCL's motion which were for summary judgment dismissing the second third-party causes of action for contractual and common-law indemnification were properly denied. "'[I]t is elementary that the right to contractual indemnification depends upon the specific language of the contract'" (Kader v City of N.Y., Hous. Preserv. & Dev., 16 AD3d 461, 463, quoting Gillmore v Duke/Fluor Daniel, 221 AD2d 938, 939; see Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676). Here, the second third-party cause of action for contractual indemnification was based on a subcontract between Ajay and PCL, pursuant to which PCL agreed, among other things, to indemnify Ajay if PCL or one of its subcontractors was negligent. PCL failed to demonstrate its prima face entitlement to judgment as a matter of law by establishing that the plaintiff's accident was not "caused in whole or in part by any negligent act or omission of [PCL]," such that the indemnification clause was not triggered (see Mikelatos v Theofilaktidis, 105 AD3d 822, 824; Perales v First Columbia 1200 NSR, LLC, 88 AD3d 1213, 1214; see generally Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178).
"In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority to direct, supervise, and control the work giving rise to the injury" (Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078-1079). Thus, a party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence (see Mikelatos v Theofilaktidis, 105 AD3d at 824). Here, PCL failed to affirmatively demonstrate that it was free from negligence, as there are triable issues of fact as to whether it owned, furnished, or placed the ladder from which the plaintiff fell. In light of PCL's failure to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the second third-party causes of action for contractual and common-law indemnification and contribution, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied that branch of PCL's motion which was to dismiss the complaint in the related action. "'[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party'" (Arnone v Morton's of Chicago/Great Neck, LLC, 183 AD3d 862, 862, quoting Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, "[a] contractor may be said to have assumed a duty of care and, thus, be potentially liable in tort, to third persons when the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm" (Bruce v Edgewater Indus. Park, LLC, 169 AD3d 753, 754, citing Espinal v Melville Snow Contrs., 98 NY2d at 140). Contrary to PCL's contention, the complaint in the related action alleged facts which would establish that PCL launched a force or instrument of harm by alleging that PCL provided the plaintiff with an [*2]unsecured and unstable ladder, which caused his injuries (see Espinal v Melville Snow Contrs., 98 NY2d at 138). PCL failed to establish its prima facie entitlement to judgment as a matter of law, as it did not establish that it did not create or launch an instrument of harm (see Santibanez v North Shore Land Alliance, Inc., 197 AD3d 1123, 1124-1125; Ramsey v Temco Serv. Indus., Inc., 179 AD3d 726, 728). PCL's submissions demonstrated the existence of triable issues of fact regarding whether it launched a force or instrument of harm by furnishing or placing an unsecured and unstable ladder as the only means by which the plaintiff could access the second floor to perform his work, which caused the plaintiff's injuries (see Santibanez v North Shore Land Alliance, Inc., 197 AD3d at 1124-1125; Ramsey v Temco Serv. Indus., Inc., 179 AD3d at 728).
With respect to the first cause of action alleging common-law negligence and the second cause of action alleging a violation of Labor Law § 200, a subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195 [internal quotation marks omitted]; see Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783; Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523). An award of summary judgment in favor of a subcontractor on a negligence or Labor Law § 200 cause of action is improper "where the 'evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries'" (Erickson v Cross Ready Mix, Inc., 75 AD3d at 523, quoting Marano v Commander Elec., Inc., 12 AD3d 571, 572-573). Here, PCL failed to demonstrate, prima facie, that it did not possess any authority to supervise and control the plaintiff's work or work area, and did not create the dangerous condition that allegedly caused the plaintiff's injury (see Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d at 783).
Regarding the third, fourth, and fifth causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and Rule 23 of the Industrial Code, "'Labor Law §§ 240(1) and 241(6) apply to owners, contractors, and their agents'" (Fucci v Douglas S. Plotke, Jr., Inc., 124 AD3d 835, 836, quoting Medina v R.M. Resources, 107 AD3d 859, 860). "[A] party with 'the ability to control the activity which brought about the injury' may be vicariously liable as an owner's agent or a contractor under those provisions of the Labor Law" (Natoli v City of New York, 32 AD3d 507, 508, quoting Walls v Turner Constr. Co., 4 NY3d 861, 863-864; see Alexandridis v Van Gogh Contr. Co., 180 AD3d 969, 973-974). Contrary to PCL's contention, it failed to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and the Industrial Code, as it failed to demonstrate, prima facie, that it was not an owner, contractor, or statutory agent under those provisions of the Labor Law (see Sheridan v Albion Cent. School Dist., 41 AD3d 1277, 1278; Natoli v City of New York, 32 AD3d at 507-508). The subcontract between Ajay and PCL gave PCL many of the powers of a general contractor (see Natoli v City of New York, 32 AD3d at 508).
In light of PCL's failure to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the complaint in the related action, that branch of its motion was properly denied without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Kennedys' motion for leave to renew their prior motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them was properly denied. In general, a motion for leave to renew must be based upon new facts not offered on the prior motion that would change the prior determination, and must set forth a reasonable justification for the failure to present such facts on the prior motion (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; Worrell v Parkway Estates, LLC, 43 AD3d 436, 437; Heaven v McGowan, 40 AD3d 583, 586). It is well settled that a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Worrell v Parkway Estates, LLC, 43 AD3d at 437; Renna v Gullo, 19 AD3d 472). Indeed, the Supreme Court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion (see Worrell v Parkway Estates, LLC, 43 AD3d at 437; Greene v New York City Hous. Auth., 283 AD2d 458, 459).
Here, in support of their motion for leave to renew, the Kennedys submitted additional facts known to them at the time they made the prior motion without demonstrating a reasonable justification for failing to submit those facts at the time they made the original motion (see Renna v Gullo, 19 AD3d 472). "Although a court has discretion to grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made, it may not exercise that discretion unless the movant establishes a reasonable justification for the failure to present such facts on the prior motion" (Robinson v Consolidated Rail Corp., 8 AD3d 1080, 1080 [citation and internal quotation marks omitted]; see CPLR 2221[e][3]; Heaven v McGowan, 40 AD3d at 586). Accordingly, the Supreme Court did not have the discretion to grant renewal.
The Kennedys' remaining contentions are academic in light of our determination.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court