Zong Wang Yang v City of New York (2022 NY Slip Op 04761)

Zong Wang Yang v City of New York

2022 NY Slip Op 04761

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-05906
 (Index No. 520955/16)

[*1]Zong Wang Yang, et al., appellants-respondents,
v
City of New York, et al., defendants-respondents, Plaza Construction, LLC, defendant third-party plaintiff-respondent, ZHN Contracting Corporation, defendant third-party defendant-respondent-appellant, et al., defendant; A-Tech Electric Enterprises, Inc., third-party defendant-respondent-appellant (and another third-party action).

Arye, Lustig & Sassower, P.C., New York, NY (Mitchell J. Sassower of counsel), for appellants-respondents.
Perry, Van Etten, Rozanski & Kutner, LLP, New York, NY (Jessica J. Beauvais and Jeffrey K. Van Etten of counsel), for defendant third-party defendant-respondent-appellant.
Bartlett LLP, Central Islip, NY (David C. Zegarelli and Sam Bahavar of counsel), for third-party defendant-respondent-appellant
Fabiani Cohen & Hall, LLP, New York, NY (Allison A. Snyder of counsel), for defendants-respondents and defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendant third-party defendant, ZHN Contracting Corporation, and the third-party defendant A-Tech Electric Enterprises, Inc., separately cross-appeal, from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 24, 2020, as amended by two orders of the same court dated October 6, 2020, and October 21, 2020, respectively. The order dated July 24, 2020, as amended by the orders dated October 6, 2020, and October 21, 2020, respectively, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants City of New York, Brooklyn Navy Yard Development Corporation, and Plaza Construction, LLC. The order dated July 24, 2020, as amended by the orders dated October 6, 2020, and October 21, 2020, respectively, insofar as cross-appealed from by the defendant third-party defendant, ZHN Contracting Corporation, denied those branches of its cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and the third-party causes of action for indemnification and contribution insofar as asserted against it. The order dated July 24, 2020, as amended by the orders dated October 6, 2020, and October 21, 2020, respectively, insofar as cross-appealed from by the third-party defendant A-Tech Electric Enterprises, Inc., granted that branch of the cross motion of the defendant third-party plaintiff Plaza Construction, LLC, which was for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against the third-party defendant A-Tech Electric Enterprises, Inc.
ORDERED that the order dated July 24, 2020, as amended by the orders dated October 6, 2020, and October 21, 2020, respectively, is reversed insofar as appealed from, on the law, and the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants City of New York, Brooklyn Navy Yard Development Corporation, and Plaza Construction, LLC, is granted; and it is further,
ORDERED that the order dated July 24, 2020, as amended by the orders dated October 6, 2020, and October 21, 2020, respectively, is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendants City of New York, Brooklyn Navy Yard Development Corporation, and Plaza Construction, LLC, and the defendant third-party defendant, ZHN Contracting Corporation, and one bill of costs is awarded to the defendant third-party plaintiff Plaza Construction, LLC, payable by the defendant third-party defendant, ZHN Contracting Corporation, and the third-party defendant A-Tech Electric Enterprises, Inc.
On September 9, 2016, the plaintiff Zong Wang Yang (hereinafter the injured plaintiff) allegedly was injured in the course of his employment with A-Tech Electric Enterprises, Inc. (hereinafter A-Tech), during the renovation of Building 77 at the Brooklyn Navy Yard, an 18-story building. The defendant City of New York and the defendant Brooklyn Navy Yard Development Corporation (hereinafter BNYDC) stipulated that, for the purposes of this action, the premises were owned by the City and managed by BNYDC pursuant to an agreement with the City. BNYDC hired the defendant Plaza Construction, LLC (hereinafter Plaza), as the general contractor for the project. Plaza subcontracted with nonparty EJ Electrical, which in turn subcontracted, inter alia, with A-Tech to install a fire alarm and fire prevention system and with the defendant ZHN Contracting Corporation (hereinafter ZHN) to, among other things, build concrete masonry unit (hereinafter CMU) walls enclosing a shaft created inside the building that extended from the second floor to the sixteenth floor. The injured plaintiff allegedly was injured when he stepped onto aluminum planks that lay across the unobstructed shaft opening on the sixteenth floor. The planks gave way beneath him and caused him to fall to a platform across the shaft on the fifteenth floor.
The injured plaintiff, and his wife suing derivatively, commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241. Plaza commenced a third-party action against ZHN and A-Tech. The plaintiffs subsequently amended the complaint to add ZHN as a defendant. The plaintiffs moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the City, BNYDC, and Plaza (hereinafter collectively the City defendants). Plaza cross-moved, inter alia, for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against A-Tech. A-Tech cross-moved for summary judgment dismissing the third-party complaint insofar as asserted against it, and ZHN cross-moved for summary judgment dismissing the complaint and the third-party complaint insofar as asserted against it.
In an order dated July 24, 2020, as amended by orders dated October 6, 2020, and October 21, 2020, respectively, the Supreme Court, inter alia, denied the plaintiffs' motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the City defendants, granted that branch of Plaza's cross motion which was for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against A-Tech, and denied those branches of ZHN's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it, and the third-party causes of action for indemnification and contribution insofar as asserted against it. The plaintiffs appeal, and A-Tech and ZHN separately cross-appeal.
Labor Law § 240(1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [internal quotation marks omitted]; see Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the [*2]injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7; see Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128). "The decisive question in determining liability pursuant to Labor Law § 240(1) 'is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Toalongo v Almarwa Ctr., Inc., 202 AD3d at 1130, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603).
As the Supreme Court determined, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City defendants. The plaintiffs' submissions demonstrated that the injured plaintiff's injuries resulted from the failure of the planks that spanned the opening of the shaft on the sixteenth floor to support him, causing him fall through the opening to the floor below (see Hill v Acies Group, LLC, 122 AD3d 428, 429; Miraglia v H & L Holding Corp., 306 AD2d 58). However, the court erred in determining that the City defendants raised a triable issue of fact as to whether actions of the injured plaintiff, who had been instructed by the A-Tech foreman and sub-foreman not to enter the shaft, were the sole proximate cause of the accident. The deposition testimony of the A-Tech foreman and sub-foreman, as well as the deposition testimony of Plaza's senior superintendent, established that the shaft opening was not properly protected so as to prevent workplace accidents (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 618). Moreover, the City defendants and A-Tech failed to establish, as a matter of law, that the injured plaintiff's failure to heed the instructions of the A-Tech foreman and sub-foreman not to enter the shaft constituted the sole proximate cause of his injuries because "an instruction by an employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 563, quoting Stolt v General Foods Corp., 81 NY2d 918, 920; see Hill v Acies Group, LLC, 122 AD3d at 429; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d at 619; Andino v BFC Partners, 303 AD2d 338, 340). "A worker's injury in an area of the work site where the worker was not supposed to be amounts to comparative negligence, which is not a defense to a Labor Law § 240(1) claim" (Plaku v 1622 Van Buren LLC, 198 AD3d 431, 432; see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d at 619). Accordingly, the court should have granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City defendants.
"[A] subcontractor 'may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area'" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d 750, 753, quoting Poracki v St. Mary's R.C. Church, 82 AD3d 1192, 1195; see Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d 782, 783). Moreover, "[a]n award of summary judgment in favor of a subcontractor on a negligence or Labor Law § 200 cause of action is improper where the evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 753-754 [internal quotation marks omitted]; see Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523; Marano v Commander Elec., Inc., 12 AD3d 571, 572-573). Here, ZHN failed to demonstrate, prima facie, that it did not create the dangerous condition that allegedly caused the injured plaintiff's injury, namely, the improper placement across the shaft opening of aluminum planks identical to those utilized by ZHN during its work creating a CMU wall adjacent to the shaft (see Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 754; Sledge v S.M.S. Gen. Contrs., Inc., 151 AD3d at 783). Accordingly, the Supreme Court properly denied those branches of ZHN's cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
"[T]he right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999-1000 [internal quotation marks omitted]).
Here, Plaza's subcontractor agreements with ZHN, and EJ Electrical's subcontract with A-Tech, which insured Plaza as an additional insured, all contained broad indemnity provisions that provided that, to the maximum extent permitted by law, those subcontractors would indemnify and hold Plaza harmless for claims or damages arising out of, or in any way connected with, the subcontractor's work, but only to the extent that such claim, damage, or loss was not caused by Plaza's own negligence.
ZHN's contention that it was entitled to summary judgment dismissing the third-party cause of action for indemnification insofar as asserted against it, on the basis that the injured plaintiff's injuries did not "arise out of" ZHN's work, is without merit (see McDonnell v Sandaro Realty, Inc., 165 AD3d 1090, 1097). Since triable issues of fact exist as to whether ZHN owned the aluminum planks that spanned the shaft opening, the Supreme Court properly denied that branch of ZHN's cross motion which was for summary judgment dismissing the third-party contractual indemnification cause of action insofar as asserted against ZHN (see id. at 1097; Wilk v Columbia Univ., 150 AD3d 502, 503).
"In order to establish a claim for common-law indemnification, a party must prove not only that it was not negligent, but also that the proposed indemnitor's actual negligence contributed to the accident, or, in the absence of any negligence, that the indemnitor had the authority to direct, supervise, and control the work giving rise to the injury" (Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078-1079; see Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 752). "Thus, a party moving for summary judgment dismissing a common-law indemnification claim can meet its prima facie burden by establishing that the plaintiff's accident was not due to its own negligence" (Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 752; see Mikelatos v Theofilaktidis, 105 AD3d 822, 824). Here, ZHN failed to affirmatively demonstrate that it was free from negligence, as there are triable issues of fact as to whether it owned, furnished, or placed the aluminum planks over the shaft into which the injured plaintiff fell. Since ZHN failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the third-party causes of action for contractual and common-law indemnification and contribution, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Cando v Ajay Gen. Contr. Co. Inc., 200 AD3d at 752-753).
The Supreme Court properly granted that branch of Plaza's cross motion which was for summary judgment on the third-party contractual indemnification cause of action insofar as asserted against A-Tech. The indemnification provision at issue here "does not purport to indemnify the general contractor for its own negligence. As such, the provision is enforceable" (Brooks v Judlau Contr., Inc., 11 NY3d 204, 207). The provision is enforceable even if, as A-Tech asserts, Plaza itself was negligent with respect to the circumstances that gave rise to the injured plaintiff's accident (see General Obligations Law § 5-322.1; Brooks v Judlau Contr., Inc., 11 NY3d at 209; Guryev v Tomchinsky, 114 AD3d 723, 726; Grant v City of New York, 109 AD3d 961, 964). Plaza is entitled to contractual indemnification for the portion of damages that is not attributable to its own negligence (see Brooks v Judlau Contr., Inc., 11 NY3d at 207; Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 627-628; DeSimone v City of New York, 121 AD3d 420, 422-423).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court