Buestan v Tiff Real Prop., Inc. (2023 NY Slip Op 03220)

Buestan v Tiff Real Prop., Inc.

2023 NY Slip Op 03220

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-01828
 (Index No. 600110/17)

[*1]Maria Buestan, appellant, 
v
Tiff Real Property, Inc., respondent.

Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Brody, O'Connor & O'Connor, Northport, NY (Joseph O'Connor and Aisha K. Brosnan), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated January 16, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when she slipped and fell on a wet or oily floor after exiting an elevator in the lobby of an apartment building owned by the defendant, and thereafter commenced this action to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated January 16, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Rivera v R.C. Archdiocese of N.Y., 197 AD3d 744, 745; Dow v Hermes Realty, LLC, 155 AD3d 824, 825). Here, in support of its motion, the defendant relied upon the deposition testimony of the plaintiff and of the defendant's maintenance employee who was in charge of mopping the lobby. Their testimony demonstrated that the lobby area where the plaintiff fell had been mopped with a soap-like substance sometime during the hour preceding the plaintiff's fall and that, after she fell, the plaintiff noticed that the floor was wet and smelled like a cleaning liquid. Given this evidence, the defendant failed to eliminate all triable issues of fact as to whether it created the condition that caused the plaintiff to fall (see Ramsey v Temco Serv. Indus., Inc., 179 AD3d 726, 728; Brown v Outback Steakhouse, 39 AD3d 450; cf. Sieber v Estee Lauder, Inc., 293 AD2d 596). Contrary to the defendant's contention, its submissions failed to establish that the wet or oily condition of the floor was readily observable by a reasonable use of the plaintiff's senses prior to her fall (see Ramsey v Temco Serv. Indus., Inc., 179 AD3d at 728; cf. Ramsey v Mt. Vernon Bd. of Educ., 32 AD3d 1007, 1008).
Since the defendant failed to meet its prima facie burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 852). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
IANNACCI, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court