■ MT. HAWLEY INSURANCE COMPANY et al., Respondents, v AMERICAN STATES INSURANCE COMPANY, Defendant, and J&R GLASSWORKS, INC., Appellant. [33 NYS3d 162]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered December 23, 2015, which denied defendant J&R Glassworks, Inc.'s motion to vacate a default judgment, unanimously affirmed, with costs.

Plaintiff Chatsworth Builders, LLC (Chatsworth) was the general contractor for a construction project and subcontracted with J&R Glassworks, Inc. (J&R) to perform certain glasswork. A construction worker, Raphael Mejia, was subsequently injured while performing glasswork. Mejia commenced an action against plaintiff 537 West 27th Street Owners, LLC (537) and Chatsworth, among others (the Mejia action). Chatsworth and 537 commenced a third-party action against J&R and Walsh Glass & Metal, Inc. (Walsh), another glass-work subcontractor on the project, asserting causes of action for contractual and common-law indemnification and breach of contract for failure to procure insurance. While the Mejia action was pending, plaintiffs commenced this action seeking a declaratory judgment that J&R breached its obligation to purchase insurance. J&R failed to respond to plaintiffs' summons and complaint in this action, and plaintiffs moved for default judgment, which was granted.

The court properly denied J&R's motion to vacate the default judgment. J&R argues that the court, in addition to denying J&R's motion to vacate the default, improperly granted plaintiff damages related to contractual indemnification, which J&R asserts plaintiff did not seek in its amended complaint. Contrary to J&R's argument, the court's decision denying the motion to vacate states that the default was limited to "the claims alleged against movant in the amended summons and complaint," which did not include a claim that J&R was in breach of its contractual obligations to indemnify and defend Chatsworth and 537 in the Mejia action.

An agreement to indemnify is separate and distinct from an agreement to procure insurance (*Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]). As plaintiffs' complaint only sought a declaratory judgment that J&R had breached its obligation to procure insurance, its default judgment may not exceed the relief sought and must be limited to that cause of action (CPLR 3215 [b]; *Gluck v Allen Mfg. Co.*, 53 AD2d 584, 585 [1st Dept 1976]). We have examined appellant's remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.