STEVEN DWYER, Plaintiff, v CENTRAL PARK STUDIOS, INC., et al., Defendants, and MICHAEL SLOSBERG, Respondents. CENTRAL PARK STUDIOS, INC., et al., Third-Party Plaintiffs, v DSA BUILDERS, Third-Party Defendant/Second Third-Party Defendant-Appellant. MICHAEL SLOSBERG et al., Second Third-Party Plaintiffs-Respondents. [42 NYS3d 10]—

Order, Supreme Court, New York County (George J. Silver, J.), entered March 28, 2016, which, to the extent appealed from as limited by the briefs, granted second third-party plaintiffs' (the Slosbergs) motion for summary judgment on their claim for contractual indemnification by second third-party defendant DSA Builders (DSA), and denied DSA's cross motion for summary judgment dismissing that claim, unanimously modified, on the law, to deny the Slosbergs' motion, and otherwise affirmed, without costs.

The record presents issues of fact as to whether the parties intended to be bound by the several unsigned documents that the Slosbergs assert comprise their agreement with DSA (*see Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369 [2005]). These documents include an AIA "Standard Form of Agreement Between Owner and Contractor for a Small Project," "General Conditions of the Contract for Construction of a Small Project," a cost breakdown, applications and certificates for payment, and a change order. The "General Conditions" document contains an indemnification provision.

While DSA admitted that it performed work in accordance with the cost breakdown, applications and certificates for payment, and change orders, both its representative and Michael Slosberg testified that they could not remember reviewing the AIA Agreement or the General Conditions. Every page of the

AIA Agreement and the General Conditions is stamped DRAFT, and both documents include proposed changes. While the documents appear to work together, the cost breakdown does not explicitly refer to the AIA Agreement or the General Conditions, and the reference to the identical deposit amount in all the documents does not alone evince DSA's agreement to be bound by the terms of the AIA Agreement or the General Conditions. Moreover, DSA submitted testimonial evidence that the parties had worked together 10 to 15 times over a 15-year period and usually did not have a formal written agreement, only a cost breakdown and change orders.

Although the issue of DSA's liability on the Slosbergs' contractual indemnification claim was raised on the Slosbergs' prior motion for summary judgment, Supreme Court did not decide it against DSA. Therefore, DSA is not barred by the doctrine of collateral estoppel from arguing that the indemnification provision is unenforceable (*see Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]). Concur— Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.