Padron v Granite Broadway Dev. LLC (2022 NY Slip Op 05798)

Padron v Granite Broadway Dev. LLC

2022 NY Slip Op 05798

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 157049/13 Appeal No. 16449-16449A Case No. 2021-01396, 2021-01857 

[*1]Carlos Padron et al., Plaintiffs,
v
Granite Broadway Development LLC et al., Defendants-Respondents, Marriott International, Inc., Defendant.
Granite Broadway Development LLC et al., Third-Party Plaintiffs-Respondents,
v
Parkview Plumbing, Inc., Third-Party Defendant.
Granite Broadway Development LLC et al., Second Third-Party Plaintiffs-Respondents,
v
Transcontinental Contracting, Inc., Doing Business as Transcontinental Steel, Second Third-Party Defendant-Appellant.
Parkview Plumbing, Inc., Third Third-Party Plaintiff,
v
Progressive Fire Sprinkler Corp., Formerly Known as Active Fire Sprinkler Corp., et al., Third Third-Party Defendants.
Granite Broadway Development LLC et al., Fourth Third-Party Plaintiffs-Respondents,
v
Progressive Fire Sprinkler Corp., Formerly Known as Active Fire Sprinkler Corp., et al., Fourth Third-Party Defendants.

Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for appellant.
Ahmuty Demers & McManus, Albertson (Nicholas P. Calabria of counsel), for Granite Broadway Development LLC and CNY Builders 1717 LLC, respondents.

Orders, Supreme Court, New York County (Lucy Billings, J.), entered October 20, 2020, which, to the extent appealed from, granted so much of defendants/third-party plaintiffs/second third-party plaintiffs/fourth third-party plaintiffs Granite Broadway Development LLC (Granite) and CNY Builders 1717 LLC's (CNY) motion as sought summary judgment on Granite's contractual indemnification claim against second third-party defendant Transcontinental Contracting, Inc. d/b/a Transcontinental Steel (Transcontinental) and summary judgment dismissing Transcontinental's counterclaims for common-law indemnification and contribution against Granite, and denied Transcontinental's motion for summary judgment dismissing Granite and CNY's contractual indemnification claims against it, unanimously modified, on the law, to deny Granite's motion for summary judgment on its contractual indemnification claim against Transcontinental, and otherwise affirmed, without costs.
Plaintiff Carlos Padron claims that he sustained injuries when he slipped and fell on a watery condition on a stairwell landing while transporting steel handrails at a construction project. Granite owned the property under construction and had retained CNY as the construction manager. Transcontinental, plaintiff's employer, was the steelwork contractor. The watery condition was believed to be caused by a burst pipe of another contractor.
The court correctly granted Granite summary judgment dismissing Transcontinental's counterclaims for common-law indemnification and contribution against it, as the record demonstrated that Granite was free from negligence (see Higgins v TST 375 Hudson, L.L.C., 179 AD3d 508, 511 [1st Dept 2020]). Granite established prima facie that it did not create or have actual or constructive notice of the watery condition by showing that it had no workers onsite and that visits by its owners were unrelated to site safety (see Prevost v One City Block LLC, 155 AD3d 531, 534 [1st Dept 2017]), and Transcontinental failed to raise an issue of fact.
Granite is not entitled to summary judgment on its contractual indemnification claim against Transcontinental. Although plaintiff's accident triggered the broadly worded provisions in paragraphs 16.02 and 16.03 of the agreement requiring Transcontinental to provide indemnification for all claims "arising out [of] or in any way connected with or incidental to" Transcontinental's work, and refers to both the Construction Manager and the Owner, that provision does not apply to Granite (see Tonking v Port Auth. of N.Y. & N.J., 3 NY3d 486, 490[2004]; Nicholson v Sabey Data Ctr. Props., LLC, 160 AD3d 587 [1st Dept 2018]; Crimi v Neves Assoc., 306 AD2d 152, 153 [1st Dept 2003]).The Standard Trade Contract with Transcontinental, in Article 1, titled "Definitions" subsection (k) defines "Owner" to "mean the persons or entities identified as the Owner on the cover page of this Agreement, and include any heir, legal representative, successor [*2]or assign of such specified Owner." The cover page of the Agreement only names "CNY Builders 1717 LLC" and "Transcontinental Steel." Granite is not named on the cover page or otherwise identified as "Owner" anywhere in the contract. 
Furthermore, although Exhibit K annexed to the contract titled "Final Release and Waiver of Lien" identified Granite as the "Owner" and CNY as the "Construction Manager," it does not identify Transcontinental as the "Trade Contractor", and is unsigned and un-dated, creating an issue of fact as to whether the parties intended to be bound by its provisions (see Dwyer v Cenral Park Studios, Inc., 144 AD3d 552, at 552-553 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022